## FILSTON v CLARK RESTAURANT CO

Municipal Court of Cleveland

No 817600. Decided Dec 15, 1937

Ben P. Rabb, Cleveland, for plaintiff.

Thompson, Hine & Flory, Cleveland, and Thomas E. Lipscomb, Cleveland, for defendant.

## OPINION

By GRIFFIN, CJ.

This matter was submitted to the court on an agreed statement of facts, the following being a summary of same.

Defendant operates a restaurant at 1007 Euclid Ave., Cleveland, Ohio, a part of same being a lunch counter equipped with stools for between fifty and seventy-five patrons. The walls of the lunch room are provided with wooden pegs or coat hangers for customers' use.

Plaintiff, on December 11, 1936, entered said restaurant for lunch, placed his hat and coat on the peg provided for that purpose and took a seat at the counter. At the same time fifty other persons were seated at said lunch counter. When plaintiff finished his lunch and went to get his hat and coat they had disappeared. There were no signs in the restaurant advising patrons to watch their hats and coats and no check room or other system of checking hats and coats was provided by defendant. During the entire time of plaintiff's presence in the restaurant, some ten or fifteen waitresses, a cashier, assistant cashier, manager and assistant manager were on duty. At the end of the business day an old hat and coat, not the property of plaintiff, remained in the restaurant.

The parties further agreed that the value of the missing property was $41.50.

On the foregoing statement of facts it is obvious that the plaintiff's right to recover, if it exists at all, must be based on the theory of bailment, since there is nothing in the record to support the conclusion that the defendant failed to use due care in the general supervision of its establishment to protect the property of defendant. Plaintiff in his brief urged the court to find that a constructive bailment existed by reason of the facts stated above.

Bailment has been defined as "a delivery of personal property for some particular purpose upon a contract express or implied, that after such purpose has been fulfilled, the subject of the bailment shall be redelivered to the bailor or otherwise delegated according to his direction." 52 L.R. A. (N.S.) 260.

The delivery of the property can be either actual or constructive, but it must exclude the possession of the owner for the period of bailment and give to the bailee the sole custody and control over the article bailed. 6 C.J. 1104.

When the patron of a restaurant hands his hat and coat to a waiter or other employee to check or to deposit in some place of safety, there is a complete surrender of the property by the owner to the management and a bailment results. However, if the servant hangs the coat on a wall hook near the customer's seat, or if the patron himself places his hat and coat on a wall hook to which all other patrons have equal access, then the delivery is insufficient and the relation of bailor and bailee is not established. In the first situation the proprietor has exclusive possession of the clothes and the customer does not regain his property until the management returns it. In the latter two instances the property is within easy reach or access of the guest and he may remove it any time without notice to the management, which is inconsistent with the essential requirement that the bailee must have the sole custody and control over the article bailed. 3 University of Pittsburgh Law Review 51; Wentworth v Riggs, 143 N. Y. S. 955; Apfel v Whyte's Inc., 180 N. Y. S. 713; Gilson v Pennsylvania R. R., 86 N. J. L. 446.

A study of the decisions indicates the weight of authority is to the effect that where the guest retains as much control or possession of his wearing apparel as does the restaurant proprietor there can be no liability based on bailment.

The court, therefore, finds that the finding of the trial court for the defendant is correct and motion for new trial is overruled.